# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                                               CRIMINAL ACTION NO. 4:10CR-9-M-2

KENNETH DEVOREAN QUARLES, JR.                                  DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on a *pro se* motion to reduce filed by Defendant Kenneth Devorean Quarles, Jr., to modify his term of imprisonment pursuant to Title 18, United States Code, Section 3582(c)(2). The motion is ripe for decision.

On April 7, 2010, a federal grand jury indicted Quarles for conspiracy to distribute fifty grams or more of cocaine base. On September 16, 2010, he pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement whereby the parties agreed that the appropriate sentence would be the statutory minimum term of imprisonment of ten years. The presentence investigation report (PSR) found Quarles accountable for 70.2 grams of cocaine base. He did not object to that finding. The PSR applied the guidelines from the November 2010 Manual, which incorporated the mandated guideline changes from the Fair Sentencing Act (FSA) and found the total offense level to be 23, with a criminal history category of III, for a guideline range of 57-71 months, but noted that the statutory mandatory minimum term of imprisonment for the crime charged was ten years. At sentencing, the Court granted a government motion for downward departure pursuant to Title 18, United States Code, Section 3553(e), and sentenced Quarles to 96 months imprisonment.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a

final judgment" and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, –U.S.–, 130 S. Ct. 2683, 2690 (2010)(quoting 18 U.S.C. § 3582(b)). Pursuant to § 3582(c)(2) a district court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

In this instance, Quarles's PSR applied the FSA changes. Application of those guidelines produced a sentencing range of 57-71 months, which fell below the statutory mandatory minimum of ten years. The downward departure was calculated based on the mandatory minimum not the guideline range. *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002) ("[T]he appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself."). Thus, Quarles was sentenced based on a mandatory minimum, not a guideline that has been subsequently lowered rendering § 3582(c)(2) inapplicable. *See United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009).

Accordingly, **IT IS ORDERED** that Defendant's motion (DN 59) is **DENIED**.

Date:

cc: Defendant Kenneth Devorean Quarles, Jr., *pro se*
United States Attorney
4414.008